IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1998 SESSION

FILED

September 18, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9711-CC-00534 |
| | ) | |
| | ) | Lincoln County |
| v. | ) | |
| | ) | Honorable Charles Lee, Judge |
| | ) | |
| JAMES ALBERT BULT, | ) | (Vandalism) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Robert S. Peters
100 First Avenue, S.W.
Winchester, TN 37398

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
            and
Lisa A. Naylor
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

William Michael McCowan
District Attorney General
            and
James B. Cox
Assistant District Attorney General
215 E. College Street
P.O. Box 878
Fayetteville, TN 37334-0878

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, James Albert Bult, was convicted by a jury in the Lincoln County Circuit Court of the offense of vandalism, a Class A misdemeanor. He was sentenced to sixty days in jail, all but ten consecutive days or five consecutive weekends to be suspended, and placed on probation for eleven months and twenty-nine days. He was ordered to perform one hundred hours of community service. In this appeal as of right, the defendant contends that (1) he was entitled to jury instructions regarding self-defense, defense of another, and necessity and (2) his confinement for five consecutive weekends is excessive. We affirm the trial court.

Initially, we note that the state claims that the defendant's notice of appeal was untimely filed. It asserts that the defendant's motion for a new trial was denied on April 8, 1997, and that the notice of appeal was filed on June 16, 1997. However, in our view, the record reflects that only a motion to continue was denied on April 8, 1997, and that the motion for a new trial was denied on May 23, 1997. Thus, the notice of appeal was timely filed, and the appeal before us is proper.

The defendant was charged with assault and vandalism but was found not guilty of assault. The events relate to the defendant going to his ex-in-laws' house to pick up his young daughter pursuant to his visitation rights. The Statement of Evidence provides, in pertinent part, the following:

> The witnesses for the state were Nancy Bult, Eugene Urban and Barbara Urban. The witness Nancy Bult was the ex-wife of the defendant. The witnesses Eugene Urban and Barbara Urban were the ex-father-in-law and the ex-mother-in-law of the defendant. The witnesses for the state stated that the defendant came to the home of the Urbans approximately 8:45 p.m. the evening of June 21, 1996. The Urbans live on Gray Lane in Lincoln County. The defendant had come to the residence for the purpose of exercising his visitation rights with his young daughter. The grandparents were keeping the child at their Lincoln County Home. The defendant was exercising the visitation rights that had been decreed by a divorce court

2

of proper jurisdiction. The Urbans testified that they would restrict visitation for the defendant because they felt the defendant had consumed some beer. The young child wanted to go with her father. An altercation developed, and Mr. Urban testified that he was assaulted. The Urbans testified that the defendant kicked a bedroom door as he attempted to enter to obtain custody of his child. The witness Nancy Bult testified as to conversations that she had with the defendant and she stated she thought the defendant had consumed beer and should not be allowed to leave with the child. The State rested, and the defendant moved for a judgment of acquittal. This motion was denied.

The defense presented its case by calling to the stand the defendant himself. He testified that he was not intoxicated on June 21, 1996 and that he did come to the residence of the Urbans at about 8:45 p.m. that evening. He states that he came for the purpose of picking up his young daughter for his authorized visitation. He stated that the child was taken forcibly from the kitchen and taken to a bedroom. He stated that the child was crying and was emotionally upset. He stated that he acted to protect the welfare and safety of his child and that he acted in her regard and consideration. He acknowledged that he did kick the door attempting to gain entry into the bedroom but he said he did so for the purpose of obtaining custody of his child. He stated his intervention was necessary for the protection of the minor child. The defendant acknowledged an altercation with Mr. Urban but stated that he did so under provocation and necessity and with regard for his safety and defense. The defense rested, and the defendant renewed his motion for a judgment of acquittal. This motion was overruled.

The case was then argued to the jury, and the court instructed the jury. This instruction has been made a part of the record, and it contains fifteen pages. It also contains a verdict page containing two pages. The court instructed the jury that, as to the crime of assault, the defendant was entitled to the defense of self defense, and of the defense of third persons, and the defense of necessity. The court did not instruct the jury that these defenses would apply to the charge of vandalism.

I

The defendant contends that the evidence warranted the jury being instructed on the vandalism charge regarding self-defense, third-party defense and necessity. He asserts that the evidence fairly raised these issues when, "in the mind of the defendant," he had to protect his daughter by kicking the bedroom door. However, we believe that the defendant misapprehends the requirements for the defenses in that he applies only a subjective, not an objective test.

3

Pursuant to T.C.A. § 39-11-611(a), a person is justified to act in self-defense under the following circumstances:

> A person is justified in threatening or using force against another person when and to the degree the person reasonably believes the force is immediately necessary to protect against the other's use or attempted use of unlawful force. The person must have a reasonable belief that there is an imminent danger of death or serious bodily injury. The danger creating the belief of imminent death or serious bodily injury must be real, or honestly believed to be real at the time, and must be founded upon reasonable grounds.

(Emphasis added). Pursuant to T.C.A. § 39-11-612, a person is justified to act in defense of another when:

> (1) Under the circumstances as the person reasonably believes them to be, the person would be justified under § 39-11-611 in threatening or using force to protect against the use or attempted use of unlawful force reasonably believed to be threatening the third person sought to be protected; and
>
> (2) The person reasonably believes that the intervention is immediately necessary to protect the third person.

(Emphasis added). Pursuant to T.C.A. § 39-11-609, a person is justified to act through necessity under the following circumstances:

> (1) The person reasonably believes the conduct is immediately necessary to avoid imminent harm
>
> (2) The desirability and urgency of avoiding harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law proscribing the conduct.

(Emphasis added).

As the Sentencing Commission Comments to these sections provide, the defenses not only entail what a defendant actually believes, but include, as well, what is a reasonable belief under the circumstances. This means that the defendant's conduct and mental state must meet an objective standard of reasonableness for the conduct to be justified under these statutory defenses. Thus, the mere fact that the defendant believes that his conduct is justified would not suffice to justify his conduct.

4

With the foregoing in mind, we consider whether the defendant was entitled to the jury being instructed about self-defense, defense of another, and the defense of necessity. A defendant is entitled to the issue of the existence of a defense being submitted to the jury when it is fairly raised by the proof. See T.C.A. § 39-11-203 (c) and (d). To determine if it is fairly raised by the proof, "a court must, in effect, consider the evidence in the light most favorable to the defendant, including drawing all reasonable inferences flowing from that evidence." State v. Shropshire, 874 S.W.2d 634, 639 (Tenn. Crim. App. 1993). This is because it would be improper for a court to withhold a defense from the jury's consideration because of judicial questioning of any witness credibility. Id. In the present case, the defendant's claims are based wholly upon the following evidence:

> [The defendant] states that he came for the purpose of picking up his young daughter for his authorized visitation. He stated that the child was taken forcibly from the kitchen and taken to a bedroom. He stated that the child was crying and was emotionally upset. He stated that he acted to protect the welfare and safety of his child and that he acted in her regard and consideration. He acknowledged that he did kick the door attempting to gain entry into the bedroom but he said he did so for the purpose of obtaining custody of his child. He stated his intervention was necessary for the protection of the minor child.

First, we note that there is no evidence to indicate that even the defendant believed that he kicked the door for self-defense purposes. An instruction as to it was unnecessary.

As for the defendant's claim of defense of his daughter, the main question is whether the evidence fairly raises the issue of a reasonable belief that "force is immediately necessary to protect against the other's use or attempted use of unlawful force" and that there was an "imminent danger of death or serious bodily injury" to the defendant's daughter. T.C.A. § 39-11-611(a). See also T.C.A. § 39-11-612(1) and (2). We hold that such issue is not fairly raised by the evidence as it is presented to us.

5

In fact, we seriously question whether the limited statement that the defendant acted "to protect the welfare and safety of his child and that he acted in her regard and consideration" and for her protection fairly raises the issue of the defense of another relative to the defendant's subjective beliefs. However, what is certain is that the facts upon which the defendant's conduct is based, i.e., that the daughter's mother or grandmother took her "forcibly from the kitchen . . . to a bedroom" and she "was crying and emotionally upset," do not fairly raise an issue regarding there being a reasonable belief that the daughter was subjected to unlawful force and was in imminent danger of death or serious bodily injury. In other words, we believe that no rational juror could have a reasonable doubt based upon the claim of defense of another.

Similarly, we conclude that the defense of necessity was not fairly raised. The defendant's testimony does not lend itself to a belief that "imminent harm" to his daughter was threatened. More importantly, though, the facts presented in the Statement of Evidence do not raise any issue about or indication of there being imminent harm threatened that would justify a rational juror having a reasonable doubt based upon the defense of necessity. Thus, the defendant was not entitled to instructions for the vandalism charge regarding the defenses he raises.

The defendant complains that his sentence of ten days in confinement is excessive. Particularly, he argues that the trial court arbitrarily required confinement because it failed to make a record of any findings of fact that would justify such a sentence. We believe that the record before us supports the imposition of a period of confinement.

In misdemeanor sentencing, a separate sentencing hearing is not mandatory, but the trial court is required to allow the parties a reasonable opportunity to be heard on the question of the length and the manner of service of a sentence. See T.C.A. § 40-35-302(a). The sentence must be specific and consistent with the purposes and principles of the 1989 Sentencing Reform Act. T.C.A. § 40-35-302(b). Also, in determining the percentage of the sentence to be served in actual confinement, the trial court must consider enhancement and mitigating factors as well. T.C.A. § 40-35-302(d).

The defendant's Statement of Evidence recites the following regarding sentencing:

> A sentencing hearing was held in this case on March 7, 1997. The defendant was sentenced to a term of 60 days for the vandalism charge. After the service of five consecutive weekends, the balance of the sentence would be suspended, after which the defendant would be placed on probation. No formal presentence report was filed, but the State chose to introduce an out-of-state record of past criminal involvement. This record, to the extent applicable to sentencing, was submitted to the Clerk for placement in the record. The court incorporated the evidence at the trial in the sentencing proceedings. The defendant had been gainfully employed. He had performed in a variety of responsible positions, and he held a security clearance. The problems that had arisen in Lincoln County arose out of his domestic[] relations difficulties.

The record contains a certified document from a circuit court in Florida reflecting that in 1987, the defendant entered nolo contendere pleas to three counts of aggravated

assault and one count of attempt to elude a police officer. He was placed on three years probation in a procedure similar to Tennessee's judicial diversion.

Unquestionably, the Statement of Evidence filed by the defendant shows little that complies with the sentencing process required by our sentencing laws. However, we are mindful of the fact that the Statement of Evidence does not purport to be a verbatim account of what occurred at the sentencing hearing.[1] Moreover, the dearth of information in the record relevant to sentencing is detrimental to the defendant's cause, not the state's.

On appeal, our review of sentencing is <u>de novo</u> on the record with the presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). As the Sentencing Commission Comments to this section note, the burden is now on the defendant to show that the sentence to confinement is improper. With almost no information in the record about the defendant's social history, mental and medical history, and work and family history, we have little information upon which to rely in assessing an appropriate sentence, by review or otherwise.

However, we believe that the record before us can support the trial court's decision to impose ten days confinement. This is because of the defendant's criminal history of assaultive conduct and the violent nature of the vandalism. The defendant states that the problems "arose out of his domestic relations difficulties," but we believe that this circumstance makes the offense more serious. The defendant kicked and broke a door to a room containing his young daughter in her grandparents' and

---

[1] We question whether the defendant's Statement of Evidence sufficiently notifies the state and the trial judge that an issue to be raised related to the trial court's claimed failure to make findings of facts and place upon the record the sentencing considerations that apply. The defendant was obligated to serve on the state and file with the trial court clerk a "short and plain declaration of the issues" that he intended to present on appeal. <u>See</u> T.R.A.P. 24(c). The defendant's statement provides, in essence, the issue of whether the trial court properly applied the sentencing considerations in T.C.A. § 40-35-102 and whether the trial court abused its discretion in sentencing. We do not view such a statement to give clear notice to the state that the defendant sought to attack the trial court's sentencing procedures.

mother's house. Although the passions of the moment may be understood, the violent actions cannot be condoned. In this respect, the sentence to confinement is particularly suited to deter the defendant and others similarly situated from such conduct in the future. See T.C.A. § 40-35-103(1)(B).

In consideration of the foregoing, the judgment of conviction is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:


_____
John H. Peay, Judge


_____
David G. Hayes, Judge

9