IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

OCTOBER 1999 SESSION

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. No. W1999-01760-CCA-R3-CD |
| Appellee, | ) | |
| | ) | Shelby County |
| v. | ) | |
| | ) | Honorable Carolyn Wade Blackett, Judge |
| CARLOS A. CURRY, | ) | |
| | ) | (Sentencing) |
| Appellant. | ) | |

FILED

December 16, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

FOR THE APPELLANT:

MARK A. MESLER
Ballin, Ballin & Fishman
200 Jefferson Avenue, Suite 1250
Memphis, TN 38103

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

J. ROSS DYER
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

MICHAEL H. LEAVITT
Assistant District Attorney General
201 Poplar Avenue, Suite 301
Memphis, TN 38103-1947

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

**O P I N I O N**

The defendant, Carlos A. Curry, was indicted by the Shelby County Grand Jury and charged with evading arrest in a motor vehicle and possession of a handgun in a public

place. Pursuant to a negotiated plea agreement, he pleaded guilty to both of these offenses, receiving sentences of six months for evading arrest and thirty days for possession of a handgun in a public place. The trial court denied his petition to suspend these sentences, a decision which he timely appealed. Based upon our review, we affirm the judgment of the trial court.

## FACTS

During the hearing on the defendant's petition for suspension of sentence, it was made clear that there was substantial variance between the defendant's version of the incident which resulted in his arrest and that of the police officers. According to the assistant district attorney representing the State of Tennessee, the officers reported that the following occurred [Questions by General Leavitt]:

> At a high rate of speed. You turned onto I-40. The officers initiated the emergency equipment and siren. You accelerated to approximately eighty miles an hour, then slowed to thirty miles an hour and pulled to the emergency lane but still did not stop. You continued for approximately one mile nearly causing an accident at Perkins on the entrance ramp.
>
> They observed Mr. Austin throwing baggies from the passenger window, and observed you and Mr. Austin making movements and passing a silver object back and forth.
>
> When finally pulled to a stop and both of you bailed out. Defendant was apprehended after a short chase. The defendant while running pulled the pistol from his waistband and threw it to the ground. The weapon was loaded with one in the chamber and five in the magazine.
>
> You were arrested. The gun was recovered. And they went back and they found two plastic bags with marijuana residue, one in the vehicle and one on the ground beside the vehicle. Both you and Mr. Austin said that the gun belonged to the other person.

In contrast, the defendant gave the following explanation of the incident:

> Me and Jack, we left the house and we got off on Perkins. The undercover cop he was trailing us behind. He pulled us over at the Perkins exit.
>
> I got out, went to the car. I came back to my car. Then at the time I found out that Jack had a pistol. So I knew that I'm a felon already on a pistol charge, so I told him, I said you are going to take that charge and he said no, he's not going to take the charge. So I jumped out of the car and I ran.

According to the presentence report, the defendant was 25 years old, married, with two children, and employed for approximately the past six months as a forklift driver. He

2

was a graduate of Byhalia, Mississippi, High School. He had two prior convictions. In 1994, he was convicted of attempt to commit a felony, for which he had received a two-year sentence at the Shelby County Correctional Center. He was convicted in 1994 of a "weapons offense" and sentenced to a six months sentence. He did not seek probation for these sentences which were served concurrently. According to the defendant, he was attending a heating and air conditioning school at the time of the hearing.

In denying the petition for suspension of sentence, the trial court stated:

> Mr. Curry, would you please stand up. The Court has looked at your criminal history, and you do have several other offenses that you've been convicted of. In addition to that, the Court does not believe that you have been very candid with the Court in terms of what exactly happened out there, whether or not it was your gun or someone else's gun, what you were exactly doing.
>
> It seems very unlikely that undercover cops would just pull over a car for no reason. And it seems even more unlikely that you would take the gun out of your car and run with it. I don't know where you thought you were running to and how you thought you could outrun a car. But that's neither here nor there.
>
> You should know that understand that today is your day in Court. And today was your day to establish to the Court that you were a worthy probationary candidate, which you didn't do.

In response to the request of defense counsel that the defendant be allowed to serve his sentence on the weekends, the court stated:

> The only reason why I won't is because I don't believe what he said, not for one minute, and I don't think you did either. And that was basically based upon the fact that it was not only you, Mr. Mesler, but Mr. Leavitt didn't believe it, I didn't believe it, and today was his day.
>
> I am not going to sit here -- I don't think it is my role to sit here and pull the truth out of people. I've done it a couple of times already today, but I'm not going to do it any more. So the answer to that is no.

**ANALYSIS**

Since the defendant has challenged the manner of service of his sentence, we must conduct a *de novo* review, presuming that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d). The burden is on the defendant to show that confinement is improper. State v. Bult, 989 S.W.2d 730, 734 (Tenn. Crim. App. 1998), perm. app. denied (Tenn. 1999). Even if we applied a presumption favoring probation, as the defendant urges, he would not be helped. Here, he has two prior convictions, one of which was a felony, for which he served concurrent sentences at the Shelby County

3

Correctional Center. Additionally, we note that his version of the incident which resulted in his arrest was vastly different from that set out by the arresting officers. The comments by the trial court made it clear that the defendant's version of the events was not believable. The court specifically told the defendant that his petition for suspended sentence was being denied because of his prior convictions and his lack of candor while testifying during the petition hearing.

In denying probation, it is clear that the trial court properly considered the relevant factors, including the defendant's criminal record. State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995); State v. Boyd, 925 S.W.2d 237, 244 (Tenn. Crim. App. 1995). Additionally, it was proper for the court to consider the defendant's lack of truthfulness. "The defendant's truthfulness at a trial or sentencing hearing is a factor that may be considered. A trial judge may deny probation on this ground." State v. Dykes, 803 S.W.2d 250, 259-260 (Tenn. Crim. App. 1990).

The defendant has urged that we should apply the sentencing considerations of Tenn. Code Ann. § 40-35-102(6) to this matter and consider alternative sentencing options. However, even following such an application, the defendant's case would fail because of his prior record of convictions and lack of candor:

> The trial court denied alternative sentencing based upon the defendant's lengthy history of criminal behavior, his unsuccessful completion of less restrictive measures, and his lack of truthfulness. See T.C.A. § 40-35-103(1)(A) and (C); State v. Gennoe, 851 S.W.2d 833, 837 (Tenn. Crim. App. 1992) (lack of candor may be considered in denying alternative sentencing). These are all proper considerations in the determination of alternative sentencing and reflect negatively on the defendant's potential for rehabilitation. We agree with the trial court's determinations and affirm the trial court's denial of alternative sentencing.

State v. Anderson, 985 S.W.2d 9, 21 (Tenn. Crim. App. 1997).

Applying the holding in Anderson to this matter, we likewise agree with the decision of the trial court that the defendant was not an appropriate candidate for alternative sentencing.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgment of the trial court.

4

_____
ALAN E. GLENN, JUDGE


CONCUR:


_____
JOHN H. PEAY, JUDGE


_____
NORMA McGEE OGLE, JUDGE