# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
September 12, 2000, Session

## STATE OF TENNESSEE v. DEREKE EMONT FITZGERALD

**Direct Appeal from the Circuit Court for Henry County**
**No. 12893, Julian P. Guinn, Judge**

---

**No. W2000-01279-CCA-R3-CD - Filed October 24, 2000**

---

The appellant, Dereke Emont Fitzgerald, was convicted by a jury of aggravated assault and was sentenced to six years incarceration in the Tennessee Department of Correction.  On appeal, the appellant raises one issue: Whether the trial court erred in refusing to instruct the jury on the issue of self-defense.  Finding no error, we affirm the judgment.

**Tenn. R. App. P. 3; Judgment of the Circuit Court is affirmed.**

DAVID G. HAYES, J., delivered the opinion of the court, in which GARY R. WADE, P.J. and THOMAS T. WOODALL, J., joined.

Larry E. Fitzgerald, Memphis, Tennessee, for the appellant, Dereke Emont Fitzgerald.

Paul G. Summers, Attorney General and Reporter, Michael Moore, Solicitor General, Lucian D. Geise, Assistant Attorney General, Robert "Gus" Radford, District Attorney General, and Steven L. Garrett, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Following a jury trial, the appellant, Dereke Emont Fitzgerald, was convicted of aggravated assault in the Henry County Circuit Court.  He was sentenced to six years incarceration in the Tennessee Department of Correction as a Range II offender.  The six-year sentence was to run consecutive to an earlier sentence imposed.[1]  On appeal, the appellant argues that the trial court erred by not instructing the jury on the issue of self-defense.  Specifically, the appellant asserts that the instruction should have been given because the issue of self-defense was raised several times at trial.

---

[1]On December 8, 1997, the appellant was sentenced to eight years Community Corrections for possession of a Schedule II substance with the intent to manufacture, deliver, or sell.  At sentencing in the present case, the trial court revoked the appellant's Community Corrections sentence.

After review, we find no error. Accordingly, we affirm the judgment of the Henry County Circuit Court.

## Background

On June 7, 1999, Joseph Penny, was repairing the brakes on his girlfriend's car in the driveway of her mother's house. Penny's friend, Leslie Barnhart, was also there helping with the repair project. As Penny was resting on his left side looking underneath the car, he heard someone say "look out." Penny looked upward and saw the appellant.[2] As Penny tried to stand up, the appellant grabbed him in a bear-hug and threw him to the ground. The appellant then picked up a tire iron and stabbed Penny between his ear and jawbone. Penny did not fight back. After attacking Penny, the appellant taunted him by saying, "What are you going to do now?" The appellant then got into his car and left. Barnhart helped Penny to a chair and called the police. As a result of the injuries, Penny remained hospitalized for three days.

## I. Self-Defense Instruction

The appellant argues that the trial court erred by not instructing the jury on the issue of self-defense. Specifically, the appellant contends that there was "sufficient testimony in the record to raise the issue of self-defense" and that the trial court's refusal to give the instruction constitutes reversible error. We disagree and find the trial court properly denied the appellant's request for a jury instruction on self-defense.

Every defendant has the right to have every issue of fact raised by the evidence and material to his or her defense submitted to the jury on proper instructions. Tenn. Code Ann. § 39-11-203(c)(1997); Tenn. Code Ann. § 39-11-204(d)(1997); *see also* State v. Ivy, 868 S.W.2d 724, 727 (Tenn. 1993). "[T]o determine whether a statutory defense is fairly raised by the proof so as to require its submission to the jury, a court must, in effect, consider the evidence in the light most favorable to the defendant, including drawing all reasonable inferences flowing from that evidence." State v. Bult, 989 S.W. 2d 730, 733 (Tenn. Crim. App. 1998), perm. to appeal denied, (Tenn. 1999)(citing State v. Shropshire, 874 S.W.2d 634, 639 (Tenn. Crim. App. 1993).

In order to establish a claim of self-defense, a defendant must show that the danger of death or serious bodily harm was imminent and impending, manifested by some words or overt acts at the time clearly indicative of a present purpose to do injury.[3] Tenn. Code Ann. § 39-11-611(a)(1997); *see also* State v. Ivy, 868 S.W.2d at 727. Furthermore, the threat or use of force against another is not justified if the person provoked the other individual's use or attempted use of unlawful force, unless (1) the person abandons the encounter or clearly communicates to the other the intent to do so; and (2) the other nevertheless continues or attempts to use unlawful force against the person.

---

[2] The appellant had previously been romantically involved with Penny's girlfriend while Penny was in jail on an unrelated charge.

[3] Our current criminal code treats "self-defense" as justification for conduct that otherwise would constitute an offense. Thus, the actor's conduct is "justified" or thought to be right. *See* MODEL PENAL CODE § 3.01.

Tenn. Code Ann. § 39-11-611(d)(1997). Thus, a defendant who seeks to avoid criminal responsibility for his conduct upon a theory of self-defense must be free from fault in bringing about the necessity of using force or should have clearly abandoned his initial intent to do harm.

The appellant concedes that he provoked the incident. However, he argues that the issue of self-defense was raised when the victim's response put the appellant at fear for his life. We disagree. The facts simply do not support his contention. On the day in question, Penny was repairing the brake system on his girlfriend's car. Penny neither motioned nor yelled for the appellant to stop. Instead, the appellant voluntarily stopped his vehicle and approached Penny. Penny was completely unaware of the appellant's presence until he began his attack. The facts establish that the appellant shoved Penny to the ground, picked up a tire iron, and stabbed Penny in the head. Penny did not fight back. There is no indication in the record that Penny was reaching for the tire iron himself. Even so, Penny would have only been defending the attack of the appellant. The appellant did not retreat, nor did he communicate an intent to withdraw from the attack. As the trial court properly concluded, the "act that gave rise to the criminal case was of his own making" and the "defendant failed to establish that fear of death or great bodily harm necessary to raise a charge of [self-defense]."

The evidence in the present case clearly does not raise an inference requiring an instruction on self-defense. There is no proof that the appellant believed there was danger of imminent death or serious bodily injury. Moreover, the appellant initiated the attack and never indicated an intent to abandon the encounter. Therefore, the trial court correctly concluded that a self-defense instruction to the jury would have been improper in this case.

## CONCLUSION

Because the evidence did not fairly raise the issue of self-defense, the trial court correctly denied the appellant's request for a self-defense jury instruction. Accordingly, the judgment of the Henry County Circuit Court is affirmed.

_____
DAVID G. HAYES, JUDGE