IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 6, 2015

## STATE OF TENNESSEE v. VICTOR DYSON

**Appeal from the Criminal Court for Shelby County**
**No. 1302025     James C. Beasley, Jr., Judge**

---

### No. W2014-01818-CCA-R3-CD  -  Filed December 28, 2015

---

The Defendant-Appellant, Victor Dyson, was convicted by a Shelby County jury of two counts of aggravated assault and one count of theft of property valued at less than five hundred dollars. As a Range III, persistent offender, he was sentenced to fifteen years, eleven months and twenty-nine days in the Tennessee Department of Correction. On appeal, the Defendant-Appellant argues: (1) the trial court erred in admitting evidence of prior bad acts in violation of Tennessee Rules of Evidence 403 and 404(b); (2) the trial court erred in refusing to instruct the jury on the law of self-defense; (3) the trial court erred by denying the Defendant-Appellant's motion for new trial based on insufficient evidence; (4) the trial court erred in denying the Defendant-Appellant's motion for a mistrial after the prosecutor referred to the trial court's refusal to instruct on self-defense; and (5) the trial court committed cumulative errors which, taken together, denied the Defendant-Appellant his constitutional right to a fair trial. Upon our review, we affirm the judgments of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which THOMAS T. WOODALL, P.J., and ROBERT L. HOLLOWAY, JR., J., joined.

Stephen C. Bush, District Public Defender; John Zastrow and Nicholas James Cloud, Assistant Public Defenders (at trial), and Phyllis L. Aluko, Assistant Public Defender (on appeal), Memphis, Tennessee, for the Defendant-Appellant, Victor Dyson.

Herbert H. Slatery III, Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Josh Corman, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Defendant-Appellant was arrested after he was confronted by two Wal-Mart employees for shoplifting and threatened them with a knife. The proof adduced at the Defendant-Appellant's May 27, 2014 trial was as follows. On October 1, 2012, the day of the offense, loss prevention officer Thomas Burcham received a phone call from a loss prevention officer at a nearby Wal-Mart to be on the lookout for Victor Dyson, a known shoplifter that had been seen in the area that day. A picture of the Defendant-Appellant had been sent out the previous week from the Shelby County Alert Team. At approximately 4:15 p.m., the officer observed the Defendant-Appellant acting suspiciously in the menswear department and asked another officer, Daniel Gilmore, to investigate while he surveilled from the camera room. This Wal-Mart had approximately 163 surveillance cameras that could all be monitored from a central location within the store. Both officers maintained surveillance of the Defendant-Appellant as he selected several jerseys and hats and placed them in his cart. The surveillance video, played for the jury at trial, showed the Defendant-Appellant wheeling the cart into an aisle and appearing a few moments later with a bag in his hand, and no cart.

At this point, one of the officers left the camera room and proceeded to the exit while the other officer maintained surveillance on the Defendant-Appellant from the floor. Once the Defendant-Appellant passed all points of sale, an officer approached him and said, "[E]xcuse me." The Defendant-Appellant immediately turned around and attempted to go back into the store, where he was confronted by the other officer. In an apparent attempt to flee, the Defendant-Appellant ran to his right and fell over a trashcan. As the officer approached to detain him, the Defendant-Appellant pulled out a folding knife and said, "I'm fixing to cut you, I'm fixing to cut you[.]" He then retrieved his bag and fled the store. The officers were in plain clothes and unable to identify themselves as loss prevention agents during the altercation.

Sergeant Myron Fair of the Memphis Police Department investigated the incident and was given the Defendant-Appellant's name from the Wal-Mart loss prevention agents. Both officers later identified the Defendant-Appellant from a photo lineup as the man that had taken the merchandise and threatened them with the knife. The estimated total value of the merchandise was three hundred and twenty dollars.

At the conclusion of the State's case, the Defendant-Appellant requested the trial court to instruct the jury on the law of self-defense. The Defendant-Appellant argued the issue was fairly raised by the State's evidence, which showed two plain-clothed employees confront and put their hands on the Defendant-Appellant prior to him threatening them with a knife. In denying the request, the trial court reasoned that there was no evidence to substantiate the claim of self-defense and that the claim was not

available to the Defendant-Appellant because he was engaged in unlawful activity at the time.

After deliberations, the jury convicted the Defendant-Appellant as charged of two counts of aggravated assault and one count of misdemeanor theft. He was sentenced as a Range III, multiple offender to a total effective sentence of fifteen years, eleven months and twenty-nine days in the Tennessee Department of Correction. Following the denial of his motion for new trial, the Defendant-Appellant then filed a timely notice of appeal.

## ANALYSIS

**I. Admission of Prior Bad Acts.** The Defendant-Appellant argues that the trial court erred by allowing multiple references to the Defendant-Appellant as a known shoplifter without having conducted a jury-out hearing as required by Tennessee Rule of Evidence 404(b). The State responds that the trial court did indeed hold a pretrial hearing as required by Rule 404(b), and accordingly any argument is waived for failure to include a copy of the State's 404(b) motion and a transcript of the pretrial 404(b) hearing. The State further argues any error attributable to the introduction of the statements was harmless or otherwise cured by the trial court's prompt curative instruction. Because our review of the record reveals that the trial court held a pretrial hearing as required by Rule 404(b), and because the Defendant-Appellant failed to include the transcript or the State's motion in the record on appeal, we agree with the State.

"Rule 404 was patterned in great measure on State v. Parton, 694 S.W.2d 299 (Tenn. 1985), wherein our supreme court ruled that evidence of other crimes is generally inadmissible." State v. McCary, 119 S.W.3d 226, 243 (Tenn. Crim. App. 2003). Rule 404 "establish[es] that character evidence cannot be used to prove that a person has a propensity to commit a crime." Id. (citing Tenn. R. Evid. 404(b); State v. Adkisson, 899 S.W.2d 626, 645 (Tenn. Crim. App. 1994)). Trial courts have been encouraged to take a "'restrictive approach' to 404(b) evidence because such proof 'carries a significant potential for unfairly influencing a jury.'" State v. Jackson, 444 S.W.3d 554, 601 (Tenn. 2014) (quoting State v. Dotson, 254 S.W.3d 378, 387 (Tenn. 2008)). "'[T]he risk that a jury will convict for crimes other than those charged–or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment-creates a prejudicial effect that outweighs ordinary relevance.'" Id. (quoting State v. Sexton, 368 S.W.3d 371, 403 (Tenn. 2012)). The more similar the conduct or act to the crime for which the defendant is on trial, the greater the potential for a prejudicial result. McCary, 119 S.W.3d at 243 (citing State v. Bordis, 905 S.W.2d 214, 232 (Tenn. Crim. App. 1995)).

Because an erroneous admission of a prior bad act is evidentiary in nature, and not constitutional, the error is subject to a non-constitutional harmless-error analysis. Under

this analysis, we must determine whether the error "more probably than not affected the judgment or would result in prejudice to the judicial process." See Tenn. R. App. P. 36(b); State v. Rodriguez, 254 S.W.3d 361, 371-72 (Tenn. 2008) (citing State v. Ely, 48 S.W.3d 710, 725 (Tenn. 2001); State v. Harris, 989 S.W.2d 307 (Tenn. 1999)). In conducting our review, we must consider the whole record and the properly admitted evidence of the defendant's guilt. Rodriguez, 254 S.W.3d at 372. The greater the amount of evidence of guilt, the heavier the burden on the defendant to demonstrate that a non-constitutional error involving a substantial right more probably than not affected the outcome of the trial. Id. The crucial consideration for this court is what impact the error may reasonably be taken to have had on the jury's decision-making. Id. (citing Kotteakos v. United States, 328 U.S. 750, 759 (1946); State v. Denton, 149 S.W.3d 1 (Tenn. 2004); State v. Dooley, 29 S.W.3d 542, 555 (Tenn. Crim. App. 2000)). Where an error more probably than not had a substantial and injurious impact on the jury's decision-making, it is not harmless. Id. at 372.

In the Defendant-Appellant's reply brief, he concedes "[a]fter rereading portions of the transcript of the motion for new trial . . . it is probable the trial court conducted a pretrial hearing pursuant to a TRE 404(b) motion filed by the State of Tennessee prior to trial." He further indicates that he intended to file a motion to supplement the record with a transcript from the 404(b) hearing as well as a copy of the State's motion. However, neither the transcript nor the State's motion is included in the record on appeal.

Given the incomplete record, we agree with the State, and conclude that the Defendant-Appellant waived this issue by failing to include a transcript of the pre-trial 404(b) hearing or a copy of the State's 404(b) motion. The appellant has a duty to prepare a record that conveys "a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal." Tenn. R. App. P. 24(b). "Where . . . the record is incomplete, and does not contain a transcript of the proceedings relevant to an issue presented for review, or portions of the record upon which a party relies, this Court is precluded from considering the issue." State v. Roberts, 755 S.W.2d 833, 836 (Tenn. Crim. App. 1998) (citing State v. Groseclose, 615 S.W.2d 142, 147 (Tenn. 1981); State v. Jones, 623 S.W.2d 129, 131 (Tenn. Crim. App. 1981)). "In the absence of an adequate record on appeal, we must presume that the trial court's ruling was supported by the evidence." State v. Bibbs, 806 S.W.2d 786, 790 (Tenn. Crim. App. 1991) (citing Smith v. State, 584 S.W.2d 811, 812 (Tenn. Crim. App. 1979); Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979)).

Waiver notwithstanding, we have reviewed the record and are unable to say that the trial court's error more probably than not had a substantial and injurious impact on the jury's decision-making. During the course of the trial, there were three references to the Defendant-Appellant as a suspected or known shoplifter. On two of those occasions,

defense counsel timely objected and the trial court gave a corresponding curative instruction. Additionally, both loss prevention agents testified consistently that they observed the Defendant-Appellant place merchandise in a plastic bag and carry the bag past all points of sale without paying for it. When they attempted to confront the Defendant-Appellant, he pulled out a knife and threatened to "cut" or "stick" them. The video recording of the incident, admitted into evidence, also corroborated their testimony. Given the overwhelming evidence of the Defendant-Appellant's guilt, any error in this case was harmless. Accordingly, Defendant-Appellant is not entitled to relief.

**II. Self-defense Instruction.** Next, the Defendant-Appellant challenges the trial court's refusal to instruct the jury on the law of self-defense. He argues that the issue of self-defense was fairly raised by the testimony of the loss prevention agents because they were in plain clothes and did not identify themselves as Wal-Mart employees prior to the confrontation. The Defendant-Appellant further argues that the trial court improperly refused the instruction based on a finding that the Defendant-Appellant was engaged in unlawful activity when he threatened the victims with the knife. He insists that the question of whether a person was engaged in unlawful activity was for the jury because he pleaded not guilty to the theft charge. The State responds the trial court properly denied the Defendant-Appellant's request to instruct the jury on self-defense because the issue was not fairly raised by the evidence and because the evidence tended to show that the Defendant-Appellant was engaged in illegal conduct at the time. We agree with the State.

A defendant has a "right to a correct and complete charge of the law, so that each issue of fact raised by the evidence will be submitted to the jury on proper instructions." State v. Garrison, 40 S.W.3d 426, 432 (Tenn. 2000) (citing State v. Teel, 793 S.W.2d 236, 249 (Tenn.1990)). "In determining whether a defense instruction is raised by the evidence, the court must examine the evidence in the light most favorable to the defendant to determine whether there is evidence that reasonable minds could accept as to that defense." State v. Sims, 45 S.W.3d 1, 9 (Tenn. 2001) (citing Johnson v. State, 531 S.W.2d 558, 559 (Tenn.1975); State v. Bult, 989 S.W.2d 730, 733 (Tenn. Crim. App. 1998)). The Tennessee Supreme Court has concluded that sufficient evidence to fairly raise a general defense "is less than that required to establish a proposition by a preponderance of the evidence." State v. Hawkins, 406 S.W.3d 121, 129 (Tenn. 2013).

Because the propriety of jury instructions is a mixed question of law and fact, the standard of review is de novo with no presumption of correctness. State v. Smiley, 38 S.W.3d 521, 524 (Tenn. 2001). The theory of self-defense, as proscribed in Tennessee Code Annotated section 39-11-611(b)(2), is as follows:

[A] person who is not engaged in unlawful activity and is in a place where the person has a right to be has no duty to retreat before threatening or using force intended or likely to cause death or serious bodily injury, if:

> (A) The person has a reasonable belief that there is an imminent danger of death or serious bodily injury;

> (B) The danger creating the belief of imminent death or serious bodily injury is real, or honestly believed to be real at the time; and

> (C) The belief of danger is founded upon reasonable grounds.

T.C.A. § 39-11-611(b)(2)(2011).

In denying the Defendant-Appellant's request to instruct the jury on self-defense, the trial court stated:

> [A]t this point, taken in the light most favorable to the defense[,] I do not find that there has been a basis for me to charge self-defense. That's my ruling and I think under the law, the testimony that's before me is that [the Defendant-Appellant] was engaged in the crime of shoplifting, that's the proof that's been presented.

In review of this issue, we note that both loss prevention agents testified they did not identify themselves because the Defendant-Appellant attempted to flee prior to them having an opportunity to do so. Furthermore, the question of whether the Defendant-Appellant was engaged in unlawful activity within the meaning of the self-defense statute was properly within the province of the trial court. See Sims, 45 S.W.3d at 9 (noting that "in determining whether a defense instruction is raised by the evidence, the court must examine the evidence in the light most favorable to the defendant to determine whether there is evidence that reasonable minds could accept as to that defense"). The Defendant-Appellant rightfully concedes that the self-defense statute requires, as a prerequisite, that the defendant not be engaged in unlawful activity. This determination necessarily requires the trial court to evaluate any evidence that the defendant was engaged in unlawful activity prior to deciding whether to instruct the jury on the law of self-defense. See State v. Hawkins, 406 S.W.3d 121, 128 (Tenn. 2013) ("To prevail on a theory of self-defense, a defendant must show that he or she was 'not engaged in unlawful activity' and was 'in a place where the person had a right to be.'"); State v. Zachary Carlisle, No. W2012-00291-CCA-MR3C, 2013 WL 5561480, at *19 (Tenn. Crim. App. Oct. 7, 2013), perm. app. denied (Tenn. Mar. 17, 2014) (concluding that the defendant was not entitled

to a self-defense instruction because he was engaged in illegal activity, there a drug deal, at the time he shot the victim).

In addition to finding that the Defendant-Appellant was engaged in unlawful activity, the trial court also refused the instruction because the evidence presented did not raise the issue. As the trial court explained:

> In my opinion, there has to be some, even in the light most favorable to the defendant, the law says I should charge self-defense, but there has to be some indicia, there has to be something there that I can find even in the light most favorable to the defense, that this issue of self-defense has been raised. In my opinion, based upon the proof that I have heard, there has not been anything other than [the defense's] argument that the loss prevention people touched him first. There's nothing in the record before this jury that would indicate [the Defendant-Appellant] was justified or was acting in self-defense, and I think there has to be something there, something from the proof, again, taken in the light most favorable to the defense, that would be enough for me to charge under the circumstances.

Without the Defendant-Appellant's unlawful conduct, we agree with the trial court, and conclude that the evidence did not fairly raise the issue of self-defense sufficient to necessitate an instruction. The Defendant-Appellant relies on the fact that the loss prevention agents did not wear uniforms or identify themselves before attempting to restrain him. However, in our view, these circumstances do not evince actual imminent danger to the Defendant-Appellant or his reasonable belief of danger at the time he pulled the knife on the victims. To warrant a jury instruction on self-defense, the defendant is required to submit evidence from which a jury could find either that the defendant was in danger of serious injury or death, or was under the reasonable belief that he was. See State v. Thacker, 164 S.W.3d 208, 245 (Tenn. 2005) (affirming trial court's refusal to instruct the jury on self-defense because "[t]here is simply no objective basis for us to find that the defendant reasonably believed that he was in imminent danger of death or serious bodily injury); State v. Mario Johnson, No. W2013-01124-CCA-R3-CD, 2014 WL 1004516, at *4 (Tenn. Crim. App. Mar. 13, 2014), perm. app. denied (Tenn. Aug. 29, 2014) (affirming trial court's refusal to instruct the jury on self-defense where there was no objective basis to conclude that the defendant reasonably believed he was in imminent danger of death or serious bodily injury under the facts of the case). Because there was no evidence that the Defendant-Appellant was in imminent danger, or that he had a reasonable belief that he was, the trial court properly denied his request to instruct the jury on the law of self-defense. He is not entitled to relief.

**III. <u>Sufficiency of the Evidence.</u>** The Defendant-Appellant does not contest the sufficiency of the evidence supporting the elements of aggravated assault or theft. Rather, as related to the above issue, the Defendant-Appellant argues that the evidence is insufficient to support his convictions of aggravated assault because the State failed to disprove self-defense. The State argues that the issue of self-defense was not fairly raised by the proof, the trial court did not instruct the jury on self-defense, and accordingly, the State was not required to disprove self-defense. We agree with the State.

As explained in Section II, the evidence presented at trial did not fairly raise the issue of self-defense so as to require a jury instruction. The State's duty to disprove self-defense beyond a reasonable doubt is triggered only upon the introduction of proof sufficient to warrant a jury instruction on self-defense. <u>See</u> <u>State v. Bledsoe</u>, 226 S.W.3d 349, 355 (Tenn. 2007); T.C.A. § 39-11-203(c), Sentencing Comm'n Cmts. Accordingly, we agree that the State was not required to disprove self-defense beyond a reasonable doubt in order to convict the defendant of aggravated assault. Because the Defendant-Appellant concedes the proof was sufficient in other respects, he is not entitled to relief on this issue.

**IV. <u>Motion for Mistrial.</u>** The Defendant-Appellant contends that the trial court erred in denying his motion for mistrial based on the prosecutor's closing argument. Specifically, he challenges the following statement from the prosecutor's closing argument, "There's no instructions [sic] on self-defense. Because there is no self-defense in this case. This isn't a self-defense case." The Defendant-Appellant argues the statement amounted to the State facilitating a judicial comment on the weight of the evidence. In other words, he claims the statement indicated to the jury that the judge did not provide an instruction on self-defense because he did not believe the defense had presented sufficient evidence. The State contends that the argument was a fair response to the defense's assertion during voir dire and opening statements that this was a case about self-defense, and the State would be required to prove beyond a reasonable doubt that the defendant did not act in self-defense. The State further contends that even if the comments were improper, they did not create a manifest necessity for the trial court to declare a mistrial, and the trial court cured any prejudice by promptly interrupting the State's closing argument and giving a curative instruction. We agree with the State.

The Tennessee Supreme Court has noted "[c]losing argument is a valuable privilege that should not be unduly restricted." <u>State v. Stephenson</u>, 195 S.W.3d 574, 603 (Tenn. 2006) (citing <u>State v. Bane</u>, 57 S.W.3d 411, 425 (Tenn. 2001)). The trial court has substantial discretion in controlling the course of arguments and will not be reversed unless there is an abuse of that discretion. <u>Id.</u> In addition, prosecutorial misconduct does not constitute reversible error absent a showing that it has affected the outcome of the trial to the prejudice of the defendant. <u>Id.</u> (citing <u>Terry v. State</u>, 46 S.W.3d 147, 156

-8-

(Tenn. 2001)).  However, an attorney's comments during closing argument "'must be temperate, must be predicated on evidence introduced during the trial of the case, and must be pertinent to the issues being tried.'"  State v. Gann, 251 S.W.3d 446, 459 (Tenn. Crim. App. 2007) (quoting State v. Sutton, 562 S.W.2d 820, 823 (Tenn.1978)).  In order to be entitled to relief on appeal, the defendant must "show that the argument of the prosecutor was so inflammatory or the conduct so improper that it affected the verdict to his detriment."  State v. Farmer, 927 S.W.2d 582, 591 (Tenn. Crim. App. 1996).

This court must consider the following factors when determining whether the argument of the prosecutor was so inflammatory or improper to negatively affect the verdict:  (1) the conduct complained of under the facts and circumstances of the case; (2) any curative measures undertaken by the court or prosecutor; (3) the intent of the prosecutor in making the challenged statements; (4) the cumulative effect of the improper conduct and any other errors in the record; and (5) the relative strength or weakness of the case.  State v. Goltz, 111 S.W.3d 1, 5-6 (Tenn. Crim. App. 2003) (citing Judge v. State, 539 S.W.2d 340, 344 (Tenn. Crim. App. 1976)).

When read in context, the State's closing argument as a whole is clearly refuting defense counsel's assertion that the case was about self-defense, and that the State would be required to disprove self-defense beyond a reasonable doubt.

> Now, as the judge instructed you on, what I say is not evidence, what the defense says is not evidence, what you heard on the witness stand is what's evidence.  And you started hearing in voir dire and you heard in opening statement from the defense that this is a case about self-defense.  Wrong.  This is not a self-defense case.  You will notice in your instructions from the judge nowhere in this packet do you get an instruction on self-defense.  We say things sometimes in opening statements that just aren't so and we can't prove.  There's no instructions [sic] on self-defense.  Because there is no self-defense in this case.  This isn't a self-defense case.

Defense counsel objected immediately after this statement and moved for a mistrial.  The trial court denied the motion, determining that each side could argue whether they thought the evidence supported a self-defense argument, but should refrain from commenting on what the judge chose to charge.  The prosecutor continued, "let me say this, the reason you don't have anything about self-defense [in the jury instructions] is because when someone is engaged in unlawful activity, it's not lawful self-defense."  This comment prompted the trial court, sua sponte, to give a curative instruction, reminding the jury they are to determine the outcome of the case based only on the law provided to them by the trial court.

Applying the Judge factors, we conclude that the trial court did not abuse its discretion by denying the Defendant-Appellant's motion for a mistrial. Viewing the prosecutor's argument in light of the facts and circumstances of the case, we note that the defense consistently relied on the theory of self-defense. Defense counsel's opening statement began with the following remark, "[V]ery simply put, this is a case about self-defense." His cross-examination of the loss prevention agents focused on whether they were wearing uniforms, badges, or identified themselves as Wal-Mart employees. The defense maintained this theory in his closing argument, even after the trial court informed the parties he would not instruct the jury on self-defense, arguing, "[the Defendant-Appellant] was just trying to defend himself, not assault anybody."

In our view, the comments about which the Defendant-Appellant complains stemmed from the prosecutor's attempt to rebut the defense's persistent assertion that the case was about self-defense and that the State was required to disprove self-defense beyond a reasonable doubt. See Sutton, 562 S.W.2d at 823-24 ("Where the criminal defendant raises an issue in his defense, he cannot complain of references to the issue by the prosecution, or argument on that issue, so long as the argument is fairly warranted by the facts and circumstances of the case.").

As to the second Judge factor, the trial court promptly issued a curative instruction in response to the prosecutor's argument that self-defense did not apply where the defendant was engaged in unlawful activity. The trial court reminded the jury of their duty to decide the case based on the law as instructed by the trial court. The court also reminded the jury of their ability to disregard arguments of counsel if not supported by the evidence. This instruction was further buttressed by the trial court's instruction that arguments of counsel are not evidence. We presume the jury followed these curative instructions. State v. Parker, 350 S.W.3d 883, 897 (Tenn. 2011) (citing State v. Kiser, 284 S.W.3d 227, 272 (Tenn. 2009)).

The third Judge factor involves examination of the prosecutor's intent. As explained in the discussion of the first Judge factor, the record demonstrates the prosecutor's intent in making the challenged comments was to respond to the defense's assertion that the case was about self-defense. See Goltz, 111 S.W.3d at 6 (noting that courts should consider the facts of each case as well as the arguments of defense counsel in determining whether the statements are considered prosecutorial misconduct).

The fourth Judge factor requires an analysis of the cumulative effect of any improper conduct or other errors. We have concluded that reference to the Defendant-Appellant as a suspected or known shoplifter was harmless error; however, we afford it little to no weight in this analysis. The fifth Judge factor requires the court to analyze the strength of the State's case. As discussed previously, the evidence of the Defendant-

Appellant's guilt was overwhelming. The State introduced testimony from the two loss prevention agents and the video recording of the incident. Discerning no error in the prosecutor's closing argument, we conclude that the trial court properly denied the Defendant-Appellant's motion for mistrial.

**V. Cumulative Error.** The Defendant-Appellant argues that he is entitled to relief based on the cumulative effect of the trial court's refusal to instruct the jury on self-defense and the prosecutor's closing argument that the case was not about self-defense. He further asserts that these errors were compounded by the references to the Defendant-Appellant as a known shoplifter. In response, the State contends that the Defendant-Appellant failed to establish any individual errors. Although it was error to refer to the Defendant-Appellant as a suspected or known shoplifter, it was harmless in light of the overwhelming evidence of his guilt. Because we discern no other errors, the Defendant-Appellant is not entitled to relief on this issue. See State v. Hester, 324 S.W.3d 1, 76 (Tenn. 2010) ("To warrant assessment under the cumulative error doctrine, there must have been more than one actual error committed in the trial proceedings.").

## CONCLUSION

Upon our review, we affirm the judgments of the trial court.

_____
CAMILLE R. McMULLEN, JUDGE

-11-